IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LINDA FRITZ,

                              Plaintiff,

v.                                                           ORDER

DIVERSE ADVANCED PORTFOLIOS, LLC,               18-cv-335-jdp

                              Defendant.

---

       A hearing on plaintiff Linda Fritz's motion for a default judgment was held before District Court Judge James Peterson. Fritz appeared by telephone through her counsel, Joseph Davidson. Diverse Advanced Portfolios (DAP) did not appear.

       The court gave Fritz three tasks that she must accomplish before the court can enter judgment and grant her requested relief on her claim under the Fair Debt Collection Practices Act. First, Fritz must show that she properly served DAP. Fritz listed Janelle Hawkins on her summons form as the person to be served, but the process server stated that she served the complaint on someone named Tim Case. Dkt. 3.[1] Fritz must file supplemental materials showing that Case is authorized to accept service for DAP. If Fritz is unable to do that, she should withdraw her motion for a default judgment and serve her complaint on the proper party promptly.

---

[1] The court notes that the New York Department of State's online records confirm that Janelle Hawkins is DAP's registered agent. https://appext20.dos.ny.gov/

Second, Fritz must specify the amount of statutory damages she is seeking, up to $1,000. 15 U.S.C. § 1692k(a)(2)(A).[2] Also, Fritz must file an affidavit or other evidence, along with a short brief, justifying her requested amount, using the factors listed in § 1692k(b).

Third, Fritz must file supplemental materials supporting her request for attorney fees. Fritz should follow the court's guidelines for filing such requests, which the court has attached.

ORDER

IT IS ORDERED that plaintiff Linda Fritz may have until September 19, 2018, to file and serve the supplemental materials discussed in this order. If Fritz fails to show that she properly served the complaint by that date, the court will deny Fritz's motion for a default judgment and set a new deadline for service.

Entered September 12, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

---

[2] Section 1692k(a)(1) also authorizes an award of actual damages. Although Fritz included a request for actual damages in her motion, she said at the hearing that she was seeking only statutory damages, so any request for actual damages is forfeited.

# ATTORNEY FEES

If a party requests attorney fees or costs at any point in this case, the court expects that party to adequately support its request. Failure to provide adequate support may lead the court to reduce an award, or to refuse to award fees and costs. The fee claimant must identify a reasonable number of hours worked, and a reasonable hourly rate. If the parties agree that the number of hours requested are reasonable, the hourly fee requested is reasonable, or both, they should so stipulate. A party who opposes a fee request must state with particularity what aspects of the hours billed or the fee requested are unreasonable.

A party should include the following in its request for fees and costs:

1. The legal basis for fee-shifting (statute, federal rule, case law, stipulation, etc.).

2. Contemporaneous logs, with separate entries for the hours spent on specific tasks. Each entry should indicate who performed the work and give a description of the task.

3. The hourly rate(s) for the attorney(s) and other personnel involved in the case.

4. Affidavits or other statements, usually from an attorney familiar with the billing practices involved, confirming that the hours have been reviewed for reasonableness, and that counsel has exercised billing judgment for the number of hours charged to the client.

5. Affidavits or other statements confirming that the hourly rate(s) are in line with the market rate for the type of work performed and the amount of experience of the attorney who performed it. (Note: an affidavit indicating the billing attorney's "usual" rate is typically insufficient to establish the market rate.)

6. Other evidence that the total fee charged is reasonable, such as a statement that the fee was billed to the client and that the client paid the fee, or instances where courts awarded similar fees for a similar type and amount of work.

7. If necessary, evidence that the client has assigned a statutory right to fees to the attorney. Requests that do not direct the court to such evidence may result in the court directing any fees to be paid straight to the client.